Jane DOE, Plaintiff,

v.

DOUGLAS COUNTY SCHOOL DISTRICT RE–1 and Jerrold Hellman, individually and in his official capacity as school psychologist of Douglas County School District RE–1, Defendants.

Civ. No. 91–B–0539.

United States District Court, D. Colorado.

Aug. 16, 1991.

Lynn D. Feiger, Madeline A. Collison, Darold W. Killmer, Catherine A. Tallerico, Feiger, Collison & Killmer, Denver, Colo., for plaintiff.

Richard E. Bump, William J. Kowalski, Allen P. Taggart, Caplan and Earnest, Boulder, Colo., for defendants.

Jerrold Hellman, pro se.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me are two motions: (1) defendant Douglas County School District RE–1's (Douglas County) motion to dismiss; and (2) Douglas County's motion for a protective order and plaintiff's motion to compel. Because plaintiff's amended complaint states a federal claim under 42 U.S.C. section 1983, I deny the motion to dismiss that claim. Because I decline to exercise supplemental jurisdiction over the state claims, I grant plaintiff's motion to dismiss without prejudice those claims. Because continued discovery is appropriate, I deny Douglas County's motion for a protective order and grant plaintiff's motion to compel.

This dispute centers on the alleged sexual molestation of plaintiff by defendant Jerrold Hellman (Hellman), a Douglas County school psychologist. The following factual summary is gleaned from the allegations contained in plaintiff's amended complaint. Plaintiff attended Douglas County High School (school) from August, 1983 to January 1985. Shortly after plaintiff began attending the high school, she was required by school officials to see Hellman, the school psychologist. Plaintiff met weekly with Hellman. During the sessions, which were conducted on-campus, or his home and other locations, Hellman frequently made sexual advances toward her, fondling her breasts and genitals. On at least one occasion, Hellman performed oral sex on plaintiff at his home. In addition to the sexual molestation, Hellman subjected plaintiff to psychological abuse. Although there is no allegation that plaintiff informed any school officials of Hellman's sexual conduct, plaintiff contends that Hellman treated another student of the school who committed suicide sometime after his treatment had concluded. Hellman has filed a bankruptcy petition.

From these allegations, plaintiff purports to state a cause of actions against Douglas County for (1) violation of 42 U.S.C. section 1983; (2) violation of the equal rights amendment to the Colorado Constitution, article II, section 29; (3) breach of fiduciary duty; (4) negligent supervision; and (5) outrageous conduct.

### I. MOTION TO DISMISS

Douglas County moves to dismiss the section 1983 claim, arguing that (1) Douglas County had no constitutional duty to protect plaintiff; and (2) the amended complaint fails to allege facts sufficient to establish that Douglas County was deliberately indifferent to and caused the deprivation of plaintiff's constitutional rights. Douglas County moves to dismiss the second claim for relief on the ground that plaintiff failed to exhaust her administrative remedies, and the remaining counts based on the Colorado Government Immunity Act, Colo.Rev.Stat. section 24–10–106. In the alternative, Douglas County asks that I exercise my discretion and decline to hear the pendent state claims. Although the motion to dismiss was filed before the amended complaint was filed, the parties agree that the motion applies with equal force to the amended complaint.

Federal Rule of Civil Procedure 12(b)(6) provides that Douglas County may state as a defense "failure to state a claim upon which relief can be granted." I review plaintiff's amended complaint liberally and under the cautious standard of whether "it appears beyond a reasonable doubt" that plaintiff can prove no set of facts in support of her claim which will entitle her to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *see Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For the purposes of

rule 12(b)(6), I assume all facts pleaded in the amended complaint are true.

### A. *Section 1983*

#### 1. Affirmative Duty to Protect

█ Douglas County first argues that it had no duty to affirmatively protect plaintiff from sexual abuse. Relying on *DeShaney v. Winnebago County Dep't of Social Serv.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), Douglas County contends that the affirmative duty to protect arises only in a custodial environment, such as prisons and mental institutions, creating a special relationship between the state and the plaintiff. The school environment in this dispute, Douglas County argues, is not of the type to create such a special relationship.

In *DeShaney*, the Supreme Court held that county authorities, who had learned that a child was at risk of being abused by his father, committed no constitutional violation when they failed to act to prevent the abuse. The Court held that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney*, 489 U.S. at 195, 109 S.Ct. at 1003.

The Seventh Circuit in *J.O. v. Alton Community Unit School Dist. 11*, 909 F.2d 267 (7th Cir.1990), addressed whether an affirmative duty of care to protect students from sexual molestation by teachers arises in a school environment. The court held:

> Given the prohibition against respondeat superior liability in section 1983 suits, *see Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978), the plaintiffs also do not argue the school defendants are liable merely as the child molester's employers. Instead, both in the district court and in this court, the plaintiffs argue that the school defendants had a "special relationship" to the schoolchildren, imposing an affirmative duty to provide for their safety and to prevent the child abuse that occurred in this case.

Unfortunately for the plaintiffs, the due process clause is not "a guarantee of certain minimum levels of safety and security." [*DeShaney*, 489 U.S. at 195, 109 S.Ct. at 1003]. Both this court and the Supreme Court have repeatedly rejected attempts to read the fourteenth amendment's due process clause as an affirmative charter of governmental duties. See, e.g., [*DeShaney*, 489 U.S. at 196–203, 109 S.Ct. at 1004–07] *Archie v. City of Racine;* 847 F.2d 1211, 1220–23 (7th Cir.1988), *cert. denied*, [489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989)]. Only where the state has exercised its power so as to render an individual unable to care for himself or herself may an affirmative duty to protect that individual arise. [*DeShaney*, 489 U.S. at 198–200, 109 S.Ct. at 1004–1006]. But beyond the case of incarcerated prisoners and involuntarily committed mental patients, the Supreme Court has never recognized such a duty. See [*Youngberg v. Romeo*, 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982) (mental patients); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (prisoners)].

> We do not suggest that prisoners and mental patients are an exhaustive list of all persons to whom the state owes some affirmative duties, but the government, acting through local school administrations, has not rendered its schoolchildren so helpless that an affirmative constitutional duty to protect arises.

*J.O.*, 909 F.2d at 272.

The Seventh Circuit concluded that compulsory attendance statutes do not change the result. "[I]t cannot be suggested that compulsory school attendance makes a child unable to care for basic human needs. The parents still retain primary responsibility for feeding, clothing, sheltering, and caring for the child." *Id.*

Contrary to plaintiff's assertion, *Alton* does not conflict with *Stoneking v. Bradford Area School Dist.*, 882 F.2d 720 (3d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 840, 107 L.Ed.2d 835 (1990). In *Stoneking*, on a summary judgment motion, the Third Circuit panel declined to address

whether a special relationship arises in the context of a public school. Instead, the panel concluded that the plaintiff "produced evidence sufficient to create a material issue of fact about the existence of a custom, practice or policy of deliberate indifference to misconduct by teachers...." *Stoneking,* 882 F.2d at 725.

I agree with the reasoning of *Alton* and conclude, as a matter of law, that plaintiff cannot rely on the existence of a special relationship to hold Douglas County liable for the actions of Hellman.

### 2. Deliberate Indifference

█ Plaintiff also alleges that Douglas County maintained customs, policies or practices which caused the constitutional deprivation. *Monell,* 436 U.S. at 694, 98 S.Ct. at 2037–38. Included among the alleged customs, practices or policies are plaintiff's allegations that Douglas County had a policy of reckless indifference to instances of known or suspected sexual abuse by Hellman; that Douglas County failed to supervise, control and follow-up on Hellman; and that Douglas County had a policy of not maintaining and implementing procedures to protect students from the sexual advances of teachers.

Applying dismissal standards, I cannot conclude that plaintiff can show no set of facts entitling her to relief. Although plaintiff here cannot rely on the argument that Douglas County had an affirmative duty to protect her, *see Alton,* 909 F.2d at 271–73, plaintiff may be able to establish the existence of a custom, practice or policy which caused the deprivation of a constitutional right warranting relief against Douglas County under section 1983. *See Monell,* 436 U.S. at 694, 98 S.Ct. at 2037–38; *Stoneking,* 882 F.2d at 725. The question is factual and is best resolved on a motion for summary judgment or at trial. *See Thelma D. v. Board of Educ.,* 934 F.2d 929, 932–33 (8th Cir.1991).

### B. *State Law Claims*

Plaintiff forwards many state law claims against Douglas County. Although I may exercise supplemental jurisdiction over these claims, *see* 28 U.S.C. section 1367(a) (effective Dec. 1, 1990), I decline to do so pursuant to 28 U.S.C. section 1367(c).

### II. Motion for Protective Order and Motion to Compel

█ Douglas County asks to stay discovery until (1) the dismissal motion is ruled on, and (2) the scope of the automatic stay in Hellman's bankruptcy proceeding is defined. In the alternative, Douglas County asks for an extension of time to comply. Reasons for this request are (1) the records are old and time is required to find them, and (2) those best able to respond to the interrogatories are less available during summer vacation. I am not persuaded.

First, having already determined that dismissal is inappropriate, Douglas County's first basis for a stay is no longer valid. Second, Douglas County does not articulate why the stay on proceedings with regard to Hellman is in any way relevant to its ability to respond to discovery requests or to plaintiff's need for the requested information. Indeed, in its motion to dismiss Douglas County asserts that the amended complaint does not contain enough facts. Douglas County does not dispute that plaintiff may learn of the facts only through discovery. Additionally, the school year begins soon and the personnel necessary to respond to the interrogatories will presumably become more available. Consequently, I deny Douglas County's motion for a protective order and grant plaintiff's motion to compel.

Accordingly, it is ORDERED THAT

(1) defendant Douglas County School District RE–1's motion to dismiss is DENIED in part and GRANTED in part.

(a) Douglas County School District RE–1's motion to dismiss plaintiff Jane Doe's claim under 42 U.S.C. section 1983 is DENIED;

(b) Douglas County School District RE–1's motion to dismiss plaintiff Jane Doe's remaining claims is GRANTED. Plaintiff's state law claims against Douglas County School District RE–1 are DISMISSED without prejudice;

(2) defendant Douglas County School District RE–1's motion for a protective order is DENIED; plaintiff Jane Doe's motion to compel is GRANTED.